United States District Court
Southern District of Texas
FILED
JUN 2 2 2005
Michael N. Milby, Clerk
Laredo Division

United States District Court
Southern District of Texas
ENTERED
JUN 2 3 2005
Michael N. Milby, Clerk
Laredo Division

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| UNICO CONSTRUCTION COMPANY, | § | |
|     DEBTOR, AND | § | |
| | § | |
| IN RE: | § | CIVIL ACTION L-05-71 |
| | § | |
| AMADEO JUAREZ, AND | § | |
| RAFAELA JUAREZ, | § | |
|     DEBTORS. | § | |

## MEMORANDUM

Pending are Trustees Lisa Nichols' and George Stone's Motions to Dismiss Appeal as Moot. (Docket Nos. 4 & 6.) Debtors Unico Construction Company, Amadeo Juarez, and Rafaela Juarez have not responded to the Motions.

### PROCEDURAL & FACTUAL BACKGROUND

On January 5, 2004, Unico Construction Company ("Unico") filed a voluntary petition for bankruptcy under Chapter 11 of the United States Bankruptcy Code. Amadeo Juarez and Rafaela Jaurez, who are the sole shareholders of Unico, filed for bankruptcy under Chapter 11 on the same date. The Bankruptcy Court subsequently ordered the two cases to be "jointly administered." George Stone was appointed as the Juarez Trustee, and Lisa Nichols was appointed as the Unico Trustee ("the Trustees"). Thereafter, the case was converted to a case under Chapter 7 of

the United States Bankruptcy Code.

At the time of their petitions for bankruptcy, the Juarezes and Unico (collectively "Debtors") each owned a tract of land in Zapata County. The Bankruptcy Court authorized Trustees, on October 27, 2004, to market the two tracts jointly (Docket No. 1, Exh. A), presumably because they were contiguous to each other and subject to the same lien (Docket No. 6). On November 5, 2004, the Trustees filed a motion to sell both tracts jointly, and the Bankruptcy Court approved the sale on December 16, 2004, over the Debtors' objections. (Docket No. 4, Exh. B.) The court's order also waived the stay under Bankruptcy Rule 6004(g), which stays a sale until 10 days after the court's approval. Debtors filed a notice of appeal on December 25, 2004. The Notice specified only that it pertained to the order authorizing the sale, but the Debtors did not request or obtain a stay of the sale pending appeal. The two tracts were conveyed by a special warranty deed on December 22, 2004, and the Unico Trustee filed a Notice of Consummation of Sale on December 29, 2004, providing notice of the sale. (Docket No. 4, Exh. D.)

The basis for Debtors' appeal is that the Bankruptcy Court erroneously approved the sale of the properties. Debtors argue that mining sand and gravel on the properties would have provided substantially greater proceeds towards the payment of unsecured

creditors than sale of the properties. Debtors pray that this Court "recall[] the Bankruptcy Court's order of December 17, 2004 [sic] in its entirety," which would presumably require rescinding of the sale. (Docket No. 3.) The Trustees filed the instant Motion.

## DISCUSSION

The Trustees argue that because the two tracts have already been sold, the appeal is moot and should be dismissed. Section 363(m) of the United States Bankruptcy Code states:

> The reversal or modification on appeal of an authorization under subsection (b) or (c)[1] of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m) (2005). The Fifth Circuit has interpreted this section to "moot an appeal in the absence of a stay." *Gilchrist v. Westcott*, 891 F.2d 559, 560 (5th Cir. 1990). "Section 363(m) patently protects, from later modification on appeal, an authorized sale where the purchaser acted in good faith and the sale was not stayed pending appeal." *Id.*

Here, Debtors did not obtain a stay pending the appeal, and

---

[1] These subsections permit the trustee to sell property of the estate.

3

the sale has already been consummated. Debtors make no attempt to show that the purchasers did not act in good faith. Thus, even if this Court were to conclude that the Bankruptcy Court should not have approved the sale, a reversal could not "affect the validity" of the sale. § 363(m). Because Debtors' brief does not request any relief, other than "recall" of the Bankruptcy Court's order approving the sale, nothing prevents the case from being moot. *See Church of Scientology of Cal. v. United States*, 506 U.S. 9, 13 (1992) (holding that the possibility of appellant's obtaining at least "partial" relief prevented case from being moot).

## CONCLUSION

For the foregoing reasons, the appeal will be dismissed.

DONE at Laredo, Texas, this 22nd day of June, 2005.

George P. Kazen
United States District Judge